OPINION
This appeal is taken from a final judgment of the Ashtabula County Court of Common Pleas. Appellant, the State of Ohio, appeals from the trial court's dismissal of sexual predator proceedings pending against appellee, Richard Lee Lemmon.
On September 13, 1988, appellee pleaded guilty to one count of sexual battery in violation of R.C. 2907.03(A)(1), with the specification that appellee had a prior conviction of an offense of violence. Thereafter, the trial court sentenced appellee to serve an indefinite term of four to ten years in prison and ordered him to make restitution.
On February 12, 1998, the trial court issued a judgment entry indicating that it had received a recommendation from the Ohio Department of Rehabilitation and Correction ("ORC") that appellee be adjudicated a sexual predator. The trial court ordered the Ashtabula County Prosecutor to review the recommendation of the ORC and advise the court within sixty days whether the state believed it could present sufficient evidence to support a determination that appellee is a sexual predator. The Ashtabula County Public Defender was appointed to represent appellee.
On February 13, 1998, appellee filed a motion to dismiss the pending proceedings against him on constitutional grounds. On February 18, 1998, the trial court dismissed the recommendation of the ORC without holding a hearing. The trial court did so based on its conclusion that the application of R.C. Chapter 2950 to sex offenders who were convicted and sentenced prior to January 1, 1997 violated the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution.[1] Ultimately, however, these same arguments were rejected by the Supreme Court of Ohio in State v. Cook
(1998), 83 Ohio St.3d 404, paragraphs one and two of the syllabus.
Despite this, we affirm the decision of the trial court to dismiss the sexual predator proceeding against appellee on the basis of the precedent established by the majority of this court in State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported. Although this writer interposed a dissent to the majority's mandate in Williams that R.C. Chapter 2950 was constitutionally void as applied to sexual predators under Section1, Article I of the Ohio Constitution, it is clear that the decision in Williams controls the outcome of the instant appeal. Hence, I defer to the present controlling authority in this appellate district.
 Accordingly, the judgment of the trial court is affirmed. _______________________________________ PRESIDING JUDGE DONALD R. FORD
NADER, J.,
O'NEILL, J., concur.
[1] The trial court also noted concerns that the sexual predator proceedings against appellee violated the prohibition on placing him in double jeopardy.